

Carol V. Gilden
(312) 357-0370
cgilden@cohenmilstein.com

December 6, 2013

**VIA ECF**

The Honorable J. Paul Oetken
United States District Court Southern District of New York
40 Foley Square, Room 2101
New York, NY 10007

      Re:    *In re ITT Educational Services, Inc. Securities Litigation,* Civ. No. 13-1620 (JPO)

Dear Judge Oetken,

      We represent Lead Plaintiffs, Plumbers and Pipefitters National Pension Fund and Metropolitan Water Reclamation District Retirement Fund ("Plaintiffs"), in the above referenced action and write in further response to Defendants' pre-motion letter dated November 26, 2013.

      Although Lead Plaintiffs continue to disagree with Defendants' characterizations of the Corrected Consolidated Amended Complaint (the "Complaint") and believe that the allegations contained therein more than adequately state cognizable claims under the federal securities laws, pursuant to Your Honor's Individual Rules of Practice 4(b)(iii), Lead Plaintiffs hereby request permission to file an amended complaint to address the perceived issues identified in the Defendants' November 26 letter.  Namely, Lead Plaintiffs will amplify, among other things, the Complaint's allegations supporting Plaintiffs' theory of loss causation, scienter, and particularity.

      As Your Honor is aware, Plaintiffs filed their first complaint in this Action on October 11, 2013, after first being appointed Lead Plaintiffs on July 25, 2013 and have not filed an amended complaint since.  Although, pursuant to Your Honor's Individual Rules of Practice 4(b)(iv), Plaintiffs may wait until Defendants file their motion to dismiss before seeking leave to amend, Plaintiffs believe it is more prudent to seek such leave at this time in order to conserve judicial resources and avoid unnecessary motion practice, even though the time to do so as of right has not yet expired.[1]   In light of the intervening holidays, Plaintiffs request leave to file an amended complaint on or before Wednesday, January 15, 2014, just forty (40) days from the date of this letter.  Under Fed. R. Civ. P. 15(a), leave to amend shall be freely given when justice so

---

[1] In any event, under Rule 15(a)(1)(B), Plaintiffs would have the right to amend the Complaint after the filing of Defendants' motion to dismiss. *See also* Indiv. R. Prac. J. Oetken, 4(b)(iv).  But seeking leave to amend now avoids the additional step of having Defendants file such a motion and conserves all of the parties' resources.

December 6, 2013
Page 2

requires, and Plaintiffs' request is made in good faith, does not prejudice Defendants, and does not create any undue delay. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant . . . the leave sought should, as the rules require, be 'freely given.'"). The Court's own rules further state that, under these circumstances, "the Court will liberally grant the plaintiff leave to amend." Indiv. R. Prac. J. Oetken, 4(b)(iii)(second sentence). As a result, Plaintiffs believe leave to amend is warranted.

We remain available at the Court's convenience to further discuss Plaintiffs' request sought herein and Plaintiffs' opposition to Defendants' anticipated motion to dismiss.

    Respectfully submitted,

    */s/ Carol V. Gilden*

    Carol V. Gilden

cc: All Counsel of Record