UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2016 FEB 17  AM 9: 48

| | |
|---|---|
| *In re ITT Educational Service, Inc. Securities Litigation* | Case no. 13-cv-1620 (JPO) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/17/16

## OBJECTION OF JEFF M. BROWN TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR

NOW COMES, Pro Se Objector JEFF M. BROWN, hereby files these objections to the proposed settlement in this matter.

## PROOF OF MEMBERSHIP IN CLASS

Upon information and belief Jeff M. Brown ("Objector") has received notice that he is a member of the class as defined in that certain Notice of Class Action and Proposed Settlement dated December 14, 2015 ( the "Notice"). I intend to file a claim in this matter on or before March 22, 2016 (Claim deadline according to the Notice). In that claim Objector shall include the quantity of ITT common stock that I purchased or acquired from April 24, 2008 through February 25, 2013, both dates inclusive, the dates of these purchases and sales, and copies of documents (to the extent available) to show that I am a member of the Class. My address, e-mail addresses and telephone number are listed at the conclusion of this objection.

## NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that he does NOT intend to appear at the Fairness Hearing presently scheduled for March 8, 2016 at 11:00 a.m. EST before Honorable Paul Oetken, at the United States District Court, Courtroom 706, Foley Square, New York, NY 10007.

## REASONS FOR OBJECTING TO THE SETTLEMENT

For the following reasons, inter alia, the Settlement Agreement is not fair, reasonable nor adequate:

1. Claims administration process fails to require reliable future oversight, accountability and reporting about whether the claims process actually delivers what was promised. The proposed settlement orders no counsel, not various class counsel attorneys nor any defense attorney (notwithstanding the large amount of attorney fees to be earned by the numerous law firms involved in this case) to monitor the settlement process to its ultimate completion.

    It would obviously be more prudent to withhold a portion of Class Counsel's fee until the entire distribution process is complete. Furthermore, it would also be judicious to require Class Counsel (and perhaps Defense Counsel as well) to report back to this Honorable Court with a final summary and accounting of the disbursement process (even if brief) in order to confirm that this matter has been successfully concluded and to allow this Honorable Court to "put its final stamp of approval" on the case.

    Objector is aware that this is not the "usual" procedure in Class Action proceedings. Nonetheless, Objector submits the suggested process is an improvement to the present procedure which is the status quo in Class Action cases. Also nothing in the above proposed procedure violates the letter or spirit of the Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332(d), 1453, and 1711–1715,(the "Act") Rule 23 F.R.C.P.(the "Rule") nor the body of case law developed (all three collectively referred herein as "Class Action Policy") with Objector hereby urges this Honorable Court to adopt such a procedure as a "best practice standard " for Class Action settlements.

2. No timeframe for completing administration of the monetary relief is set, so Class Members cannot know when payment would arrive. Moreover the Settlement Administrator is not held to any specific timeframe to complete the settlement process.

3. No amount of attorney fees is to be withheld to assure Class Counsel's continuing oversight and involvement in implementing the settlement. Objector hereby contends that the withholding of a reasonable sum of awarded attorneys fees would elevate the concerns raised herein regarding Paragraphs Nos. 1 & 2 above.

4. Attorney fees do not depend upon how much relief is actually paid to the Class Members. It appears that the proposed settlement will award class counsel its fee notwithstanding the amount of relief. This practice would be considered inequitable at best and excessive at worse in many other area of the law when awarding attorney fees.

5. The fee calculation is unfair in that the percentage of the settlement amount is far too high. The Objector states that in the 88 docket entries very few entries were substantive in nature. In fact, only the Plaintiff's Complaint(s), Defendant's Answer, Defendant's Motion to Dismiss and Plaintiff's Motion to Approve Settlement and Award Attorney's Fees had any significant legal basis to its content. The remaining entries were procedural in nature. This is hardly the record of a case justifying Plaintiff's Attorneys' Fees in the amount of $4,749,500 (plus interest) and expenses of up to $750,000 (plus interest).

It is also notable that the Settlement was reached in principal in approximately 19 months following the commencement of this action. Furthermore, Class Counsel's Memorandum of Law in Support of the Motion for Attorney's Fees appears to be a catalogue of cases whereby other lawyers were successful in obtaining excessive fee awards and not a compelling recitation of why the fees and costs are appropriate in this specific case.

6. No fee request is reasonable in the absence of documentation, including detailed billing records (including hourly rates of the professionals, hours accumulated and reasonable cost incurred), which can be evaluated by Class Members and the Court to determine the reasonable nature (or not) of the request.

7. Some *cy pres* procedure needs to be articulated so that Class Members and the Court can intelligently comment, object or approve the appropriateness of the *cy pres* procedure, recipient and amount of the *cy pres* distribution. The *cy pres* distribution and recipient should have a direct and substantial nexus to the interests of absent class members and thus properly provide for the 'next best distribution' to the class. Whatever method is used to arrive at determining an appropriate *cy pres* procedure and recipient can be a legitimate discussion between informed parties and therefore appropriate. Allowing the process to be determined solely by Lead Class Counsel is not

3

appropriate nor consistent with Class Action Policy.

8. Attorneys' fees are disproportionate to the value of the Recovery of the Class (See Paragraphs 3, 4. 5 and 6 above).

9. The Notice is inadequate in that no alleged violated statutes are referenced, no briefing schedule is included and that an Objector's only remedy is to write a letter/brief setting forth objections. At the very least, the Settlement should require the Defendants to admit or deny certain facts regardless of whether they admit to any specific violation of the Securities Exchange Act of 1934. These admissions, although not sufficient for any type of adjudication, are appropriate as a substantial penalty to the Defendant. Furthermore, identify, articulating and admitting to the specific actions, will act as a deterrent to these Defendants and other who might contemplate committing the specified acts in the future.

10. The Objector herein hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

## CONCLUSION

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;

2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.

3. Award an incentive fee to this Objector for his role in improving the Settlement, if applicable.

**NEXT PAGE ATTACHED IS EXCLUSIVELY FOR SIGNATURE OF THE OBJECTOR IF THIS PAGE IS OMITTED PLEASE CONTACT THE OBJECTOR IMMEADIATELY AT THE CONTACT INFORMATION AS STATED BELOW.**

Respectfully submitted,

*[signature]*

Jeff M. Brown, *pro se*
750 South Dixie Highway
Boca Raton, FL  33432
Telephone:  561-395-0000
jbrown@lavallebrown.com
secondary email:  cmartin@lavallebrown.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2016, I filed the foregoing with the Clerk of the Court of the United States District Court for the Southern District of New York by sending this document via Federal Express Overnight Delivery so that this document would arrive within the timeframe described in the Legal Notice published in this case.

I also provided a copy of this documents to the counsel for the Plaintiffs and the Defendants via e-mail on February 14, 2016. All addresses for the recipients are as described below.

PLAINTIFF'S COUNSEL
Carol V. Gilden, Esquire
COHEN MILSTEIN SELLERS & TOLL, PLLC
190 LaSalle Street, Suite 1705
Chicago, IL 60603

Jennifer L. Conn, Esquire
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
48th Floor
New York, N.Y. 10166

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Clerk of Court's Office
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, N.Y. 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In re ITT Educational Service, Inc. Securities Litigation*   )   Case no. 13-cv-1620 (JPO)

## SUPPLEMENTAL OBJECTION OF JEFF M. BROWN TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR

NOW COMES, Pro Se Objector JEFF M. BROWN, hereby files this Supplement Objection to his previously filed objections to the proposed settlement in this matter.

Pursuant to the Notice of Pendency of Class Action and Proposed Settlement an objector must list the cases in which the objector had objected to in the previous five years. Upon information and belief the Objector has filed objection in the following cases:

AS OBJECTOR   11-cv-05188: Larsen et al v. Trader Joe's Company
08-cv-04772: In re American International Group, Inc 2008 Securities Litigation
07-cv-06140: Eichenholtz v. Verifone Holdings, Inc et al
07-cv-10279: In re Sanofi-Aventis Securities Litigation
09-cv-05473: In re Sunpower Securities Litigation
11-cv-01646: Dobina v. Weatherford International

AS SIGNER   11-cv-05188: Larsen et al v. Trader Joe's Company
11-cv-01646: Dobina v. Weatherford International

3

Respectfully submitted,

*[signature]*
_____
Jeff M. Brown, *pro se*
750 South Dixie Highway
Boca Raton, FL  33432
Telephone:  561-395-0000
jbrown@lavallebrown.com
secondary email:  cmartin@lavallebrown.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2016, I filed the foregoing with the Clerk of the Court of the United States District Court for the Southern District of New York by sending this document via Federal Express Overnight Delivery so that this document would arrive within the timeframe described in the Legal Notice published in this case.

I also provided a copy of this documents to the counsel for the Plaintiffs and the Defendants via e-mail on February 14, 2016. All addresses for the recipients are as described below.

PLAINTIFF'S COUNSEL
Carol V. Gilden, Esquire
COHEN MILSTEIN SELLERS & TOLL, PLLC
190 LaSalle Street, Suite 1705
Chicago, IL 60603

Jennifer L. Conn, Esquire
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
48th Floor
New York, N.Y. 10166

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Clerk of Court's Office
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, N.Y. 10007

