February 12, 2016

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/16
```

The Honorable J. Paul Oetken
United States District Court
40 Foley Square
New York, NY 10007

Re: Civil Action No. 13-cv-1620-JPO   (ITT Educational)

My Dear Judge Oetken:

Thank you for accepting the above case involving ITT Educational Services. I was a shareholder of the company for the specified time and am a Class Action Member.

It has occurred to me (from my non legal prospective), there are several points that might be of consideration for you in your deliberations.

### Methodology for Claim

Lead Counsel states that the Plan of Allocation was prepared by their "damages consultant". The Notice does not reference the name, experience or professional standing of the consultant. The firm was selected by the plaintiff, and no detailed valuation model stated. This seems unfair.

Question: Was ITT allowed to review, or, as appropriate, challenge this consultant or the employed model?

### Clarity of Communication (Notice of Pendency)

It is very difficult for the average layperson to comprehend the scope of this Notice. As an example, pages 7 and 8 utilize Tables (A & B) for PSLRA. This is no explanation anywhere in the Notice of what this abbreviation means, yet it seems to be a foundation for the settlement.

### Understanding Claim Computation

See above for Clarity of Communication.

### Attorney Fees

With a holding of 500 shares, the average shareholder settlement is less than $100. Compare this with the legal fee of over $4.7 million for the attorneys.

The notice states that this is "customary in this type of litigation. This fee is about 28% of the settlement, yet a recent GM Class Action the proposed fee is only 7%. Ouch.

*From another prospective, consider the amount of time expended by the typical shareholder in reading, digesting and responding to this claim, and compare this to the aggregate of intellectual capital expanded by the plaintiff's lawyers.*

*There really is an extraordinary imbalance in both financial and expanded brain capital. One side clearly gains. From my judgment, it lacks basic fairness.*

*I appreciate your consideration in the matter.*

*Thank you.*

Sincerely yours,

*[signature]*

Edward L. Vey
732 Appenzell Drive
Hummelstown, Pa 17036

Phone 717 545 9687


CC: ITT Institute
    Cohen, Milstein