UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAR 0 8 2016

| | |
|---|---|
| IN RE ITT EDUCATIONAL SERVICES, INC. SECURITIES LITIGATION | Civil Action No. 13-cv-1620-JPO<br>ECF Case |

## [PROPOSED] ORDER AND FINAL JUDGMENT

This matter came for hearing on March 8, 2016 (the "Final Approval Hearing"), on the application of Lead Plaintiffs and Defendants (defined below), to determine whether the terms and conditions of the Stipulation and Agreement of Settlement ("Settlement") filed with this Court on November 2, 2015 are fair, reasonable, adequate and in the best interest of the Class Members for the settlement of all claims asserted by Lead Plaintiffs, Plumbers and Pipefitters National Pension Fund and Metropolitan Water Reclamation District Retirement Fund, on behalf of themselves and the Class, against Defendants ITT Educational Services, Inc. ("ITT" or the "Company"), Daniel M. Fitzpatrick, and Kevin M. Modany, in the above-captioned Action, and should be approved; and whether Judgment should be entered dismissing the Action with prejudice and releasing the Class Members' Released Claims against all Released Parties.

The Court having considered all matters submitted to it at the Final Approval Hearing and otherwise;

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. This Judgment hereby incorporates by reference the definitions in the Settlement, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Settlement.

2. This Court has jurisdiction to enter this Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finally certifies this Action as a class action, for purposes of this Settlement only, with a Class defined as all persons and entities who purchased or otherwise acquired the common stock of ITT Educational Services, Inc. (ticker symbol: ESI) between April 24, 2008 and February 25, 2013, both dates inclusive. Excluded from the Class are: Defendants; members of the immediate family of any Defendant; any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest during the Class Period; the officers and directors of ITT during the Class Period; and legal representatives, agents, executors, heirs, successors, or assigns of any such excluded person or entity. Also excluded from the Class are those persons that have requested exclusion from the Class as listed on Exhibit 1 hereto.

4. With respect to the Class, the Court finds and concludes that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied as: (a) the members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of separate actions, (ii) the extent and nature of any action concerning the controversy already commenced by members of the Class, (iii) the

desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the litigation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of this Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finally appoints Lead Plaintiffs as class representatives for the Class, and finally appoints Cohen Milstein Sellers & Toll PLLC as counsel for the Class.

6. Notice of the pendency of the Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort and was in accordance with the terms of the Settlement and the Court's Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process; Rule 23 of the Federal Rules of Civil Procedure; Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; the Constitution of the United States (including the Due Process clause); and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

7. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Class Members, advising them of the Settlement, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Class Members to be heard with respect to the Settlement. Thus, it is hereby determined that all Class Members, other than those persons and entities that are listed on Exhibit 1 hereto, are bound by this Judgment.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finds that the Settlement is fair, reasonable and adequate, and in the best interests of the Class Members. This Court further finds that the Settlement is the result of arm's-length negotiations between

experienced counsel representing the interests of the Settling Parties undertaken with the assistance of an experienced mediator. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation and Agreement of Settlement, dated November 2, 2015 (the "Settlement").

9. The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

10. The Court has received two objections to the Settlement, which were submitted by Jeff M. Brown and Edward L. Vey. Mr. Brown has withdrawn his objection. Even if not withdrawn, the Court finds and concludes that Messrs. Brown and Vey have not established that they are Class Members with standing to bring objections and overrules the objections on that basis. The Court has also considered the issues raised by each objection and finds that, even if Messrs. Brown and Vey were to establish that they have standing to object, their objections are without merit. Messrs. Brown and Vey's objections are therefore overruled in their entirety.

11. The Action and all Released Claims are dismissed with prejudice. The Settling Parties are to bear their own costs, except for the payments expressly provided for in the Settlement.

12. Upon the Effective Date, Lead Plaintiffs and each of the Class Members (on behalf of themselves and each of their respective present and former directors, officers, employees, parents, subsidiaries, related or affiliated entities, shareholders, members, divisions, partners, joint ventures, family members, spouses, domestic partners, heirs, principals, agents, owners, fiduciaries, personal or legal representatives, attorneys, auditors, accountants, advisors, banks or bankers, insurers, reinsurers, trustees, trusts, estates, executors, administrators, predecessors, successors, assigns, and any other person or entity who has the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any Class Member any of the

Released Claims (or to obtain the proceeds of any recovery therefrom)), regardless of whether that Class Member actually submits a Proof of Claim Form, seeks or obtains a distribution from the Net Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, shall be deemed to have and by operation of the Judgment shall have fully, finally and forever waived, released, relinquished, discharged and dismissed each and every Released Claim against each and every Released Party.

13. Upon the Effective Date, Lead Plaintiffs and each of the Class Members (on behalf of themselves and each of their respective present and former directors, officers, employees, parents, subsidiaries, related or affiliated entities, shareholders, members, divisions, partners, joint ventures, family members, spouses, domestic partners, heirs, principals, agents, owners, fiduciaries, personal or legal representatives, attorneys, auditors, accountants, advisors, banks or bankers, insurers, reinsurers, trustees, trusts, estates, executors, administrators, predecessors, successors, assigns, and any other person or entity who has the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any Class Member any of the Released Claims (or to obtain the proceeds of any recovery therefrom)), regardless of whether that Class Member actually submits a Proof of Claim, seeks or obtains a distribution from the Net Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, shall have covenanted not to sue the Released Parties with respect to any Released Claims and are forever barred and enjoined from commencing, instituting, participating in, maintaining, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any Released Claim (including, without limitation, Unknown

Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of this Action against any Released Party.

14. Upon the Effective Date, except as provided in ¶ 17 below, any and all persons and entities are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to that person or entity is their actual or threatened liability to the Class or a Class Member in the Action) based upon, relating to, arising out of, or in connection with the Released Claims, against each and every one of the Released Parties, whether arising under state, federal, common, statutory, administrative or foreign law, regulation, or at equity, as claims, cross-claims, counterclaims, or third-party claims, in this Action or a separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum; and, except as provided in ¶ 17 below, the Released Parties are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to the Released Party is their actual or threatened liability to the Class or a Class Member in the Action) based upon, relating to, or arising out of the Released Claims, against any person or entity, other than a person or entity whose liability to the Class has been extinguished pursuant to the Settlement and the Judgment, whether arising under state, federal, common, statutory, administrative, or foreign law, regulation, or at equity, as claims, cross-claims, counterclaims, or third-party claims, in this Action or a separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum. Nothing herein shall bar, release, or alter in any way, any obligations, rights or claims among or between the Released Parties.

15. Upon the Effective Date, any final verdict or judgment that may be obtained by or on behalf of the Class or a Class Member against any person or entity subject to the bar order described in ¶ 14 above shall be reduced by the greater of: (i) an amount that corresponds to the

percentage of responsibility of any of the Defendants for common damages; or (ii) the Settlement Amount.

16. Upon the Effective Date, each of the Released Parties, on behalf of themselves and each of their past or present subsidiaries, affiliates, parents, assigns, successors and predecessors, estates, heirs, executors, administrators, and the respective officers, directors, shareholders, agents, legal representatives, spouses and any persons or entities they represent, shall, with respect to each and every one of Settled Defendants' Claims, release and forever discharge each and every one of the Settled Defendants' Claims, and shall forever be enjoined from instituting, commencing, or prosecuting the Settled Defendants' Claims.

17. Notwithstanding any of the releases or the bar order above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Settlement, the Preliminary Approval Order, or this Judgment.

18. The fact and terms of the Settlement, including all exhibits thereto, this Judgment, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

    a. shall not be offered or received against the Released Parties, Lead Plaintiffs or the other members of the Class as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties, or by Lead Plaintiffs or the other members of the Class with respect to, the truth of any fact alleged by Lead Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

b. shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Lead Plaintiffs or any of the other members of the Class as evidence of any infirmity in the claims of Lead Plaintiffs and the other members of the Class;

c. shall not be offered or received against the Released Parties, Lead Plaintiffs or the other members of the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, Lead Plaintiffs or the other Class Members, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement; provided, however, that the Released Parties may refer to the Settlement and the Judgment in any action that may be brought against them to effectuate the liability protection granted them hereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law;

d. shall not be construed against the Released Parties, Defendants' Counsel, Lead Counsel or Lead Plaintiffs or the other Class Members as an admission or concession that the consideration to be paid hereunder represents the

amount which could be or would have been recovered after trial or that any damages potentially recoverable under the Complaint would have exceeded or would have been less than the Settlement Amount;

e. shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or the other Class Members or any of them that any of their claims are without merit; and

f. shall not be construed as or received in evidence as an admission, concession or presumption against the Released Parties that class certification is appropriate in this Action, except for purposes of this Settlement.

19. The Court reserves jurisdiction, without affecting in any way the finality of this Judgment, over: (a) implementation and enforcement of the Settlement; (b) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) enforcing and administering this Judgment, (e) enforcing and administering the Settlement, including any releases and bar orders executed in connection therewith; and (f) other matters related or ancillary to the foregoing.

20. A separate order shall be entered regarding Lead Counsel's application for an award of attorneys' fees and reimbursement of Lead Counsel's and Lead Plaintiffs' Litigation Expenses as allowed by the Court. Such order shall not disturb or affect any of the terms of this Judgment.

21. The Plan of Allocation submitted by Lead Counsel, as described in the Notice and in accordance with ¶ 1(x) of the Settlement, is hereby approved as fair, reasonable and adequate. Any order or proceeding relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the

Settlement or affect or delay the Effective Date or the effectiveness or finality of the Judgment and the release of the Released Claims.

22. In the event that the Settlement does not become effective in accordance with its terms or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or any entity who paid such Settlement Amount on behalf of the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement, and shall be vacated to the extent provided by the Settlement and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement; and (b) the fact of the Settlement shall not be admissible in any trial of the Action and Lead Plaintiffs and Defendants reserve their rights to proceed in all respects as if this Settlement had not been entered into and without any prejudice in any way from the negotiation, fact or terms of this Settlement.

23. Without further Order of the Court, the parties may agree to reasonable extensions of time or other reasonable modifications necessary to carry out any of the provisions of the Settlement.

24. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED: *March 8, 2016*

*/s/ J. Paul Oetken*
THE HONORABLE J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

Exhibit 1

## ITT Educational Services, Inc. Securities Litigation

## Exhibit 1 – Exclusion Requests

| Exclusion # | Name |
|---|---|
| 1 | S. Bickers |
| 2 | Union National Bank |
| 3 | Jonathan Francis Hatch |